IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIETH F. SHELTON, | ) |
|       Plaintiff, | ) |
| vs. | ) CIVIL NO. 07-cv-839-JPG |
| CHAPLAIN CHAPMAN, *et al.*, | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Plaintiff alleges, briefly, that Defendants removed a certain religious book from the shelves of the chapel library, and it was not replaced for a period of seven months. Plaintiff's handwriting is difficult to read, and the Court's best guess on the title of this book is "Holy Zumar", which is just one of the 114 Suras in the Qu'ran (or Koran).[1]

Incarcerated individuals retain the right to exercise their religious beliefs. *Cruz v. Beto*, 405 US. 319, 322 (1972). A prison regulation that infringes on inmates' Constitutional rights is valid "only if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). However, this does not mean that "these rights are not subject to restrictions and limitations." *Bell v. Wolfish,* 441 U.S. 520, 545 (1979). Prisoners do not "retain the same freedom to exercise their religion as they would in the world outside the prison, [but] they may not be denied basic rights of conscience." *Thompson v. Commonwealth of Ky.,* 712 F.2d 1078, 1081 (6th Cir. 1983). A prison "need make only reasonable efforts to afford the inmates an opportunity to practice their faith." *Al-Alamin v. Gramley,* 926 F.2d 680, 687 (7th Cir. 1991). "In providing this opportunity, the efforts of prison administrators, when assessed in their totality, must be evenhanded." *Id.* at 686. "[W]hether inmates were deprived of 'all means of expression' [is] an important consideration in measuring the reasonableness" of the interference with free exercise. *Woods v. O'Leary,* 890 F.2d 883, 887 (7th Cir. 1989) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 352 (1987)).

In his complaint, Plaintiff does not make a general challenge to the prison regulations in effect at Greenville, nor does he complain that any particular regulation interfered with the free exercise of his beliefs. Therefore, whether the prison has valid penological reasons for their regulations is not at issue. Rather, Plaintiff complains that for a period of seven months, Defendants

---

[1] *See* http://en.wikipedia.org/wiki/Sura (accessed Jan. 27, 2009).

interfered with his ability to exercise his religious beliefs freely because they did not replace a copy of one specific book.

To succeed on this claim, Plaintiff must establish that he was denied a basic right of conscience, *Thompson,* 712 F.2d at 1081, and that the prison did not make a reasonable and evenhanded effort to afford him the opportunity to practice his faith, *Al-Alamin,* 926 F.2d at 686-87. Plaintiff's claim fails in both regards. In his complaint, Plaintiff does not state how his religious practice was impeded by lack of access to just this one small portion of the Qu'ran, nor does he allege that he was denied any and all opportunities to observe his faith in any other manner. Thus he has failed to state a claim upon which relief may be granted.

Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: February 6, 2009.**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**